UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH HARDESTY, *et al.*, Individually and on behalf of All Others Similarly Situated, | : : : | Case No. 1:16-cv-298 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : | |
| vs. | : : | |
| THE KROGER CO., *et al.*, | : : | |
| Defendants. | : | |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE (Doc. 12)

This civil action is before the Court on Plaintiffs' motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) (Doc. 12), and the parties' responsive memoranda (Docs. 13, 14).

### I. BACKGROUND FACTS AS ALLEGED BY PLAINTIFFS

Plaintiffs filed this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

The proposed FLSA collective action class includes all current and former employees of Defendants The Kroger Co. and Kroger G.O., LLC who were employed as "Recruiters" at Kroger's Center of Recruiting Excellence ("CoRE") in Blue Ash, Ohio. Plaintiffs allege that Defendants have willfully misclassified these Recruiters as "exempt" from the FLSA's minimum wage and overtime requirements, and consequently have withheld overtime wages from Recruiters for all hours worked in excess of forty hours per week.

Plaintiffs move the Court for an Order: (1) certifying the FLSA collective action; (2) approving notices to be sent to the proposed FLSA class members; and (3) requiring Defendants to produce names, addresses, phone numbers, e-mail addresses, social security numbers, job titles, and dates of hire and termination for all CoRE Recruiters from the date CoRE began its operations in Blue Ash, Ohio, to the present.

Defendants do not oppose conditional certification of Plaintiffs' proposed collective action for the sole purpose of allowing proper notice to be sent to individuals currently and formerly employed as CoRE Recruiters pursuant to an appropriate distribution procedure.[1]  However, Defendants maintain that Plaintiffs' proposed form of notice is improper.

## II. ANALYSIS

### A. Form of Notice

"Notice to putative FLSA collective action class members must be '[a]ccurate,' should not 'cause confusion,' and should be crafted so as 'to avoid any misunderstanding…as to the status of the lawsuit.'" *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011).

The parties have agreed to the language of the proposed notice, except for Defendants' proposed references to the fact that there has been no determination "whether this case will ultimately be tried as a collective action." (*See* Doc. 13-1 at 1 and 6 (Question 9)).  Specifically, Defendants move the Court to add language to the notice

---

[1] Defendants do not waive any of the arguments that they intend to make to this Court at an appropriate time demonstrating that this case is not ultimately triable as a collective action or a Rule 23 class action and is substantially without merit.

2

informing the potential class members that no determination has been made "whether this case will ultimately be tried as a collective action." Plaintiffs oppose this wording because: (a) the language is unnecessary and incorrect because this Court is certifying the collective action at this time; (b) the Court will decide at a later time whether the class will be decertified (assuming Defendants submit such a motion), not whether the class will "finally" be certified; and (c) at this point it is important for the recipient to know that there is no money immediately available and no guarantee that funds will be available at any point.

The Court finds that Defendants' proposed change is both confusing and inaccurate. The average recipient will not understand the difference between a "conditional" certification, and the potential for de-certification based upon a motion to de-certify by Defendants, so there is no need to confuse them with the proposed language. The change is also inaccurate, because it implies that the class may not be certified. Finally, the proposed notice sufficiently informs the class that there is no guarantee of success. It states that the Court "has not decided whether Kroger did anything wrong," and that "there is not money available, nor is there a guarantee that money will become available." This sufficiently notifies the recipients that liability has not been decided, and that they are not guaranteed any monetary gain from this lawsuit.

3

### B. Distribution of Notice

#### 1. *Dual Notice*

Plaintiffs request that notice be sent via both regular mail and email.

"Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram v. PHH Corp.*, No. 1:12-cv-599, 2012 U.S. Dist. LEXIS 181073, at *4 (S.D. Ohio Dec. 21, 2012). Within the Southern District of Ohio, several judges have found notification by U.S. mail to be sufficient for all current employees in FLSA collective actions, but ordered additional email notification for former employees in order to better ensure delivery. *See, e.g., Swigart*, 276 F.R.D. at 215; *Wolfram*, 2012 U.S. Dist. LEXIS 181073 at 4; *Lutz v. Huntington Bancshares*, No. 2:12cv1091, 2013 U.S. Dist. LEXIS 56477, at *7 (S.D. Ohio Apr. 19, 2016).

Specifically, Plaintiffs have made no showing that the last known address of current employees will be insufficient to provide reasonable notice to the class. The Recruiter position at issue in this case has been in existence only since late 2014 and "a large influx of Recruiters" was hired as recently as February 2015 and April 2015. (Doc. 12-3 at ¶¶ 11-12; Doc. 12-4 at ¶¶ 11-12). On these facts, there is no basis for concluding that Kroger's mailing addresses for Recruiters are outdated or inaccurate or that regular mailed notice would be ineffective for any other reason. Accordingly, Plaintiffs have not set forth sufficient grounds to warrant "dual-method" service for all potential class members. Out of an abundance of caution, the Court permits dual service for former employees, but service via regular mail is sufficient for current employees.

## 2. *Reminder Notices*

Next, Plaintiffs request that reminder notices be sent 45 days after the initial notices are sent.[2] These notices would be sent via email unless plaintiff demonstrably does not have a correct email address for the potential opt-in. In that event, regular mail would be used. The reminder would attach (or enclose) the original notice and advise the potential class member that they have 45 days left in which to exercise their right to join the class if they elected to do so.

There is no "one-size-fits-all" approach to notifying putative class members in lawsuits such as this. The ultimate goal of the Court is to provide "[a]ccurate and timely notice concerning the pendency of the collective action promotes judicial economy because it…allows [putative class members] to pursue their claims in one case where the same issues of law and fact are already being addressed." *Swigart I*, 276 F.R.D. at 214. "In facilitating notice, the Court must avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 168-69 (1989). Courts should be hesitant to authorize duplicative notice because it may unnecessarily "stir up litigation" or improperly suggest the Court's endorsement of Plaintiff's claims. *Id.*[3] On these grounds, the Court concludes that a "45-day reminder" notice is not warranted in this case.

---

[2] Plaintiffs cite a number of cases where courts have permitted reminder notices. However, none of the cases cited were Sixth Circuit or Ohio district court cases.

[3] *See also Wolfram*, 2012 U.S. Dist. LEXIS 181073 at 13 ("Many courts have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit and encouraging participation.").

### 3. *Phone and Social Security Numbers*

Finally, Plaintiffs request that they be permitted to locate opt-ins through telephone and social security numbers where mail and email addresses have failed to reach a potential opt-in.

When considering a plaintiff's request for putative class members' private information for conditional certification notice purposes, a court "must balance two competing interests: safeguarding the interests of individuals not currently a party to this case and ensuring that all potential plaintiffs receive notice of their right to join this lawsuit." *Lewis v. The Huntington Nat'l Bank*, No. C2-11-cv58, 2011 U.S. Dist. LEXIS 65068, at *5-6 (S.D. Ohio June 20, 2011) (refusing to order disclosure of employee email addresses where such disclosure was "not necessary"). "Inherent in this balance is the principle that individuals' private information, which they entrusted in their employer, shall not be disclosed except for cause." *Id.*[4]

Courts in this district have been hesitant to order the production of telephone numbers and social security numbers in order to facilitate notice to the class. However, they have been open to permitting Plaintiffs to make follow-up requests for such information on a showing of need. *See, e.g., Crescenzo v. O-Tex Plumbing*, No. 15-cv-2851, 2016 U.S. Dist. LEXIS 78012, at *17 (S.D. Ohio June 15, 2016) ("Plaintiff is free to apprise the Court if and when he can demonstrate that mailing the notice to potential class members is insufficient to provide notice"); *Lutz*, 2013 U.S. Dist. LEXIS 56477 at

---

[4] *See also Swigart*, 276 F.R.D. at 215 (refusing to order employer to provide employee telephone numbers, four-digit Social Security numbers, or employee identification numbers because the plaintiffs "failed to justify their request").

20-21 ("…the Court deems disclosure of social security numbers and/or telephone numbers to be unnecessary unless and until Plaintiffs make some showing that using the last known address and/or email addresses does not enable them to provide reasonable notice to the class.").

In accordance with the case law, social security numbers and telephone numbers shall only be produced in the event that Plaintiffs can evidence that both mailing addresses and email have not been successful.

### III. CONCLUSION

Accordingly, for these reasons, Plaintiffs' motion for conditional class certification and notice (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the Court conditionally certifies the following group of employees:

> All employees classified as Recruiters, who were employed at Kroger's Center of Recruiting Excellence ("CoRE") in Blue Ash, Ohio, at any time from the beginning of CoRE's operations in October 2014 to the present who worked in excess of forty (40) hours during any given workweek.

Additionally, within **14 days** of the date of this Order, Defendants shall produce, in a searchable excel spreadsheet, a list of all individuals employed at Kroger as Recruiters since October 2014, including:

(1) Employee's full name
(2) Employee's last known address
(3) Employee's job title
(4) Employee's hire date
(5) Employee's termination date
(6) Employee's e-mail address (if no longer employed)

7

Defendants shall provide social security numbers and/or telephone numbers for potential opt-ins who cannot otherwise be located upon a showing that regular mail and email have both failed to reach the potential opt-in.  All employee information shall be used solely for the purpose of sending notice in this litigation.

At the beginning of the 90-day period, Plaintiffs are permitted to send regular mail notices to current employees and simultaneous regular mail and email notices to former employees.  Notices should be sent incorporating Defendants' identified changes to the wording of Plaintiffs' proposed notice, except that Defendants' proposed addition of the phrase "whether this case will ultimately be tried as a collective action," shall not be included.

The parties shall meet and confer, and, on or before **August 9, 2016**, jointly propose a calendar  for the remainder of this litigation by emailing it to the Court at black_chambers@ohsd.uscourts.gov.[5]

**IT IS SO ORDERED.**

Date:   7/19/16                                                                             *s/ Timothy S. Black*
                                                                                            Timothy S. Black
                                                                                            United States District Judge

---

[5] As noted in the 5/9/16 Calendar Order (Doc. 11), this civil action is set for a status conference by telephone on **August 16, 2016 at 11:30 a.m.**