# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HARDESTY, ET AL.,** Individually and on behalf of All Others Similarly Situated | : : : : | Case No. 1:16-CV-00298 Judge Timothy Black |
| Plaintiffs, | : : | |
| v. | : : : | **PLAINTIFFS SUPPLEMENTAL MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |
| **THE KROGER CO., et al.** | : : | |
| Defendants. | : | |

Now come Plaintiffs Joseph Hardesty, Derek Chipman, Madeline Hickey, and the FLSA Collective Members they represent (collectively, "Plaintiffs"), by and through counsel, and respectfully request that this Court grant them leave to file documents containing parties and non-parties private contact information, including names, home addresses, e-mail addresses, under seal. The grounds for this motion are set forth in the attached Memorandum in Support.

    Respectfully submitted,

/s/ Joshua M. Smith
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
Sharon J. Sobers (0030428)
Jeffrey M. Nye (0082247)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 – fax
pas@sspfirm.com
**Attorneys for Named Plaintiffs**

1

**MEMORANDUM IN SUPPORT**

I. **FACTUAL BACKGROUND**

As a supplement to Plaintiffs' originally filed unopposed motion to file documents under seal (Doc. 75), Plaintiffs clarify that they are seeking a more limited order from this Court sealing only Exhibit 1 of the Affidavit of Joshua M. Smith, Co-Counsel for Plaintiffs. Exhibit 1 is an original and supplemental list of nearly 200 "Putative Class Members" provided by Defendant Kroger to Plaintiffs following the Court's Order Conditionally Certifying the FLSA Class in 2016. This list contains private contact and personnel information of parties and non-parties to this litigation, including mailing addresses, e-mail addresses, hire dates, job titles, and termination dates. This information is confidential and sensitive personnel information of the Plaintiffs and non-party employees, and its exposure to the public places such individuals at risk of potential harm and identity theft.

Plaintiffs have consulted with Counsel for Defendant regarding the sealed exhibits, and the Defendants agree that Exhibit 1 should remain under seal.

II. **LAW AND ARGUMENT**

In considering the appropriateness of sealing court records, courts are to consider "the competing interests of the defendant's right to a fair trial, the privacy rights of participants or third parties, trade secrets, and national security." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016). The court's policy with regard to sealing records is rooted in the public's interest in "the conduct giving rise to the case" so the public can "assess for itself the merits of judicial decisions." *Id.* citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Sealing records is allowed where a party presents compelling reason for doing so. *Id.*

Protecting confidential information related to individuals' private contact information, including home and e-mail addresses, is a compelling reason to seal documents from public disclosure. Indeed, a number of courts have reached such a conclusion, given the privacy interests of such individuals and to prevent exposure to harm or identity theft. *See, e.g., Meyers v. Kaiser Found. Health Plan, Inc,* N.D.Cal. No. 17-CV-04946-LHK, 2019 U.S. Dist. LEXIS 2817, at *8 (Jan. 6, 2019)("The personal information of the minor, including birth year and home address, is also justified in order to "protect [the minor's] privacy interest[s] and to prevent exposure to harm or identify theft."); *Nursing Home Pension Fund v. Oracle Corp.*, N.D.Cal. No. C01-00988 MJJ, 2007 U.S. Dist. LEXIS 84000, at *10 (Oct. 31, 2007)("the amount of information that Plaintiffs seek to redact is small, and the information (home addresses and financial account information) has little or no relevance to any material issue in this case."); *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 2012 NY Slip Op 33147(U), ¶ 12 (Sup.Ct.)(" There is a compelling public interest in shielding parties subpoenaed for depositions from having personal identifying information revealed that could expose them to a risk of fraud."); *Stevens v. G.E. Consumer & Indus.*, 2008 U.S. Dist. LEXIS 13025, n. 1 (N.D. Ind. 2008)(sealing summary judgment brief that contained names of current and former employees and their confidential information such as performance evaluations); *Little v. Mitsubishi Motor Mfg. of Am.*, 2006 U.S. Dist. LEXIS 36437, *4 (C.D. Ill. 2006)(sealing personnel files of current and former employees).

Here, Plaintiffs only seek to protect a small set of information that is on a single exhibit. This information adds little value to the merits of the case—it simply confirms employment dates, positions held, and various private contact information of employees at Kroger's Center of Recruiting Excellence ("CoRE"). The exposure of such information to the public, however, risks great harm to these individuals, including the potential for identity theft, fraudulent e-mails or

phishing scams, and more. Such reasons are compelling to maintain the confidentiality of these records throughout the pendency of this litigation.

Finally, the request to seal Exhibit 1 is also narrowly tailored because it seeks protection of only that information which is sensitive and confidential, including employees' names, home addresses, e-mails, and private personnel information. Although a number of exhibits are filed in connection with Plaintiff's Motion for Summary Judgment in this case, Plaintiffs only seek to seal Exhibit 1 which contains a list of such personal and sensitive information. Sealing this type of information is appropriate because the information is private in nature, and foreclosing the public ability to view it would not greatly impact the public's ability to assess for itself on the merits the judiciary's conclusions in this case. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016).

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' respectfully request that its Supplemental Motion to File Under Seal be granted.

Respectfully submitted,

/s/ Joshua M. Smith
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
Sharon J. Sobers (0030428)
Jeffrey M. Nye (0082247)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 – fax
pas@sspfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served electronically through the District Court's electronic case filing system upon David K. Montgomery, Esq. and Ryan Martin, Esq., Jackson Lewis P.C., PNC Center, 26th Floor, 201 East Fifth Street, Cincinnati, Ohio 45202, this 22nd day of March, 2019.

/s/ Joshua M. Smith
Joshua M. Smith (0092360)