IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HARDESTY, et al., | : | Case No. 1:16-cv-298 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KROGER CO., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING SUPPLEMENTAL MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (Doc. 82)**

This matter is before the Court on Plaintiffs' Supplemental Motion for Leave to File Documents Under Seal. (Doc. 82.) Plaintiffs Joseph Hardesty, Madeline Hickey, and Derek Chipman ("Plaintiffs") brought this action against Defendants Kroger G.O., LLC, and The Kroger Co., Inc. ("Defendants") alleging violation of Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and applicable Ohio labor laws to recover unpaid overtime compensation. This Court previously issued an order conditionally granting Plaintiffs' motion to file under seal. (Doc. 77.) Plaintiffs have filed a supplemental motion for leave to file under seal and represent that Defendants are not opposed. (Doc. 82).

Plaintiffs seek to file Exhibit 1 of the Affidavit of Joshua M. Smith (Doc. 78-1) under seal. This document contains the names of almost 200 former and current employees, both parties and nonparties to the case, along with their email addresses, home addresses, employment and termination dates, and job titles. Plaintiffs contend that the information

1

contained in Exhibit 1 is personal and sensitive for the Plaintiffs and non-party employees, both of whom would be harmed by publication of this information.

The Sixth Circuit recognizes the strong presumption in favor of openness as to court records. *Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (6th Cir. 2016). Two broad categorical exceptions to that presumption apply when restricting access is necessary to (1) promote the order and dignity of the courtroom or (2) protect competing interests, including the privacy interests of participants or third parties. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). The party seeking to seal any part of the court record has the heavy burden of overcoming the presumption of public access by showing that (1) a compelling interest warrants sealing the records; (2) the interest in sealing outweighs the public's interest in accessing the records; and (3) the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent of sealing must analyze in detail the need for secrecy and provide a reason each document should be filed under seal. *Shane Group*, 825 F.3d at 305-06.

The Court has a burden, too; it must lay out its findings and conclusions that justify sealing court records from public disclosure. Specifically, the court ordering records to be sealed must say "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* at 306. Therefore, even for an unopposed motion (like this one), this Court has an independent duty to ensure that the court records in question are appropriate for sealing. *Id.* ("a court's obligation to explain the basis for sealing court records is

2

independent of whether anyone objects to it").

Plaintiffs seek to file Exhibit 1 under seal because of the personal and sensitive nature of the information contained therein. (Doc. 82 at 3.) They claim that allowing public access to the data would put the employees at risk of identity theft, phishing scams, fraudulent emails, and more. *Id.* Plaintiffs assert that courts have considered privacy, especially that of nonparties, a compelling interest to support filing under seal.

Plaintiffs are correct that the privacy of employees, especially those who are not parties to the case, is a compelling interest in favor of nondisclosure of the document. *Abraham, Inc. v. United States,* 18-cv-1306, 2020 WL 3173036, at *1 (S.D. Ohio, June 15, 2020) (granting seal of personal identifying information). Courts often construe private personal information as a "compelling reason" for a party to file a document under seal. *See id.* Here, the information contained in Exhibit 1 is personal, sensitive information and to allow access to it would compromise the individuals' privacy. Thus, Plaintiffs have met the first prong proving nondisclosure serves a compelling interest.

Furthermore, the privacy interests at stake outweigh the public's interest. Plaintiffs contend that the public would not gain much from access to this information for the purpose of understanding the merits of the Court's decision; in fact, the personal information has little relevance to the case itself and only acts as confirmation of employment dates and job titles. (Doc. 82 at 3-4.) While the Court generally must disclose judicial records so the public can assess the merits of the adjudication, the Plaintiffs are correct that employees' personal information, such as names and home addresses, will not assist the public in its review of the judicial process of this case. Therefore, the

public's interests in access to these sensitive data are less than the privacy interests in support of nondisclosure.

Finally, because Plaintiffs only seek to file this single document under seal, which contains only the aforementioned personal information, their request is narrowly tailored to serve the interest of protecting employees' privacy. Plaintiffs' request here is sufficiently specific to protect only information which can be deemed sensitive and deserving of protection; it is no broader than necessary.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Supplemental Motion for Leave to File Documents Under Seal (Doc. 82).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF OHIO

By: _____  
JUDGE MATTHEW W. McFARLAND