IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| HARDESTY, et al., | : | Case No. 1:16-cv-298 |
| | : | |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| THE KROGER CO., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING MOTION TO BIFURCATE (Doc. 88)**

This case is before the Court on Plaintiffs' motion to bifurcate (Doc. 88). The underlying claims in this Fair Labor Standards Act (FLSA) collective action involve allegations that Plaintiffs are entitled to overtime compensation for working in excess of 40 hours per week. Plaintiffs request that the Court bifurcate the trial between the liability and damages issues. Defendants Kroger Co. and Kroger G.O. LLC (jointly, "Kroger") oppose bifurcation.

Federal Rule of Civil Procedure 42(b) allows a court to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." District courts have broad discretion over bifurcation. *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). In deciding whether to order separate trials, this Court must consider several issues, including potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy that separate trials would achieve. *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). The party seeking bifurcation bears the burden

1

of demonstrating the need for separate trials. *Woods v. State Farm Fire & Casu. Co.*, No. 2:09-CV-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010).

For the reasons below, the Court will not bifurcate the trial of liability and damages.

*Convenience and economy.* Plaintiffs state that they may present evidence relating to liability on a representative basis. Damages evidence, however, will be more individualized. If Kroger is found liable, then the damages evidence will include the approximate number of overtime hours each of the 27 plaintiffs worked per week. The inputs that go into that calculation include phone records, work schedules, badge ID records, and testimony. Since the hours worked will vary from plaintiff to plaintiff, presenting this evidence will create a more extensive trial, if it includes the damages phase. Plaintiffs also submit that, in the event of a defense verdict, bifurcation will avoid a damages trial entirely. Or, if Plaintiffs win, damages evidence could be presented more informally through a magistrate judge, master, or mediator. *See* Fed. R. Civ. P. 53.

Kroger contends that the evidence related to the number of hours Plaintiffs worked—which Plaintiffs categorize as *damages* evidence—is directly relevant to the *liability* issue too. Kroger intends to rely on telephone systems records to establish that it is not liable to Plaintiffs who never worked more than 40 hours in a workweek. According to Kroger, this means that the parties would have to repeat the same evidence and testimony regarding telephone records, if the Court holds separate trials.

Bifurcation in this case would not promote judicial economy. The cost on this Court's resources, brought on by empaneling a second jury to decide the damages issues,

would not be insignificant. Yet the parties' briefing does not leave the Court with the impression that the damages issue is particularly complex. If anything, much of the evidence used to support the liability issue will also be relevant in the damages issue. So here there is a risk of repeating the same evidence in both a liability and damages trial, if the Court were to bifurcate those issues. But Rule 42 exists to economize judicial proceedings, not make them redundant. For these reasons, the Court finds that separate trials would not promote efficient litigation.

*Prejudice.* Plaintiffs argue that a second jury trial does not equate to a cost increase. Rather, it is just a shifting of costs. The time saved from not preparing the damages issue for the first trial would offset the cost of a second trial for damages. Kroger claims it will attempt to establish it is not liable as to Plaintiffs who never worked more than 40 hours per week. With separate trials, the parties would have to repeat the same evidence in both the liability and damages trials.

In this case, separate trials would prejudice Kroger. Nothing in the parties' briefs lead the Court to believe that the damages issue is especially complex or will require prohibitive expenditures of time and resources to prepare, especially given the link between liability and damages. The cost of a trial, however, is always significant. The parties would have to repeat the time-consuming processes of preparing evidence and empaneling a jury. Plaintiff's position that the time saved from not preparing the damages case until a second trial does not comport with the realistic investments of time and resources that a civil trial demands.

*Confusion.* Plaintiffs submit that the evidence as to liability and damages is distinct

3

and that bifurcating the issues will result in less confusing trials. Kroger argues that Plaintiffs will already have to establish that they worked in excess of 40 hours per week to prove liability, and that the liability evidence and damages evidence is intertwined. In reply, Plaintiffs argue that, if liability is met, the damages question will be individualized and presenting it for 27 class members will "create a long, mundane, and confusing trial." (Doc. 90 at 8.)

Whether the trial is long and mundane remains to be seen, but it does not appear that there will be anything confusing about it. The questions for each class member are straightforward: whether Kroger violated the FLSA for requiring them to work for unpaid overtime and, if so, at what cost to Kroger under the statute. The Court has confidence in the jurors' abilities to sort through these issues at once instead of in different stages. Bifurcation here is not necessary to avoid jury confusion.

## CONCLUSION

Based on the reasons above, the Court **DENIES** Plaintiff's motion to bifurcate (Doc. 88).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND