# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HARDESTY, et al.** | **:** | Case No. 1:16-CV-00298 |
| Individually and on behalf of All | **:** | |
| Others Similarly Situated | **:** | Judge Matthew W. McFarland |
| | **:** | |
| Plaintiffs, | **:** | |
| | **:** | |
| v. | **:** | **PLAINTIFFS' PROPOSED JURY** |
| | **:** | **INSTRUCTIONS** |
| **THE KROGER CO.,** *et al*. | **:** | |
| | **:** | |
| Defendants. | **:** | |

Plaintiffs submit the following proposed jury instructions pursuant to Section VI.H of this Court's Standing Order. Plaintiffs reserve the right to supplement or amend these instructions as permitted by the Court, including on those matters which could not have been reasonably anticipated prior to submission.

**INDEX**

| No. | Name | Pg. | As Requested | As Modified | Refused | Withdrawn |
|-----|------|-----|--------------|-------------|---------|-----------|
| 1 | **Nature of the Case** | 1 | | | | |
| 2 | **Collective Action and Representative Proof** | 2 | | | | |
| 3 | **Elements of Overtime Pay** | 3 | | | | |
| 4 | **Affirmative Defenses** | 4 | | | | |
| 5 | **FLSA Administrative Exemption** | 5 | | | | |
| 6 | **Primary Duty** | 6-7 | | | | |
| 7 | **Work Directly Related to Management or General Business Operations** | 8 | | | | |
| 8 | **Discretion and Independent Judgment with Respect to Matters of Significance** | 9-11 | | | | |
| 9 | **HR Managers vs. Screeners** | 12 | | | | |
| 10 | **FLSA Waiver** | 13 | | | | |
| 11 | **Representative Proof as to Damages** | 14 | | | | |
| 12 | **Determining Hours Worked** | 15-16 | | | | |
| 13 | **Regular Rate and Overtime Rate of Pay** | 17 | | | | |
| 14 | **Damages** | 18 | | | | |
| | **Jury Interrogatories and Verdict Form** | 19-21 | | | | |

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 1**
NATURE OF THE CASE

This is a civil action for unpaid overtime compensation brought by 27 current and former employees ("Plaintiffs") of Defendant, The Kroger Company under the federal Fair Labor Standards Act of 1938, sometimes referred to as the "FLSA," and related Ohio law.

The FLSA requires that employers pay overtime compensation to their employees for all hours worked in excess of forty per week at a rate of one and one-half (1.5) times their regular rate of pay.[1] The purpose of the FLSA is to eliminate labor conditions which are detrimental to the minimum standard of living necessary for health, efficiency, and general well-being of workers.[2]

The Plaintiffs assert that Kroger violated these laws by failing to pay Plaintiffs overtime compensation from the period of October 31, 2014, to December 1, 2016, while they were employed as "Recruiters" at Kroger's "Center of Recruiting Excellence" in Cincinnati, Ohio. Kroger denies the Plaintiffs' claims, and asserts that Plaintiffs' job duties meet an exemption to the FLSA's overtime requirements, called the "administrative exemption."

---

[1] 29 U.S.C. § 207.
[2] 29 U.S.C.§ 202.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2**
COLLECTIVE ACTION AND REPRESENTATIVE PROOF

This case is a collective action certified by the Court. The Fair Labor Standards Act allows employees to pursue overtime claims on behalf of themselves and other employees similarly situated to them. This type of case is called a "collective action."[3] For purposes of trial, this means the testimony and evidence Plaintiffs present may be considered as representative proof on behalf of the whole class, including those non-testifying Plaintiffs.[4] You may, therefore, rely on the testimony Plaintiffs give along with the other evidence offered, to support your verdict for all Plaintiffs who are part of this case. In other words, if the testifying Plaintiffs' evidence establishes that they worked in excess of forty hours per week and are not subject to the administrative exemption, then those Plaintiffs that did not testify are also deemed by inference to have worked in excess of 40 hours a week, and are deemed not to be subject to the administrative exemption. If the Plaintiffs worked over 40 hours a week and are not subject to the administrative exemption, they are entitled to overtime compensation.[5]

The Plaintiffs are not required to have a specific number of employees give testimony; the "quality" of the sample, rather than the "quantity," is of overriding importance. Further, the testifying Plaintiffs are not required to have personal knowledge of the exact hours the non-testifying Plaintiffs worked.[6]

---

[3] 29 U.S.C. § 216(b); *Canaday v. Anthem Cos.*, 6th Cir. No. 20-5947, 2021 U.S. App. LEXIS 24523, at *23 (Aug. 17, 2021)("Plaintiffs in an FLSA collective action need only show that their employment makes them similarly situated to one another.").

[4] *Monroe v. FTS USA, LLC*, 860 F.3d 389, 414 (6th Cir.2017)(affirming trial court instruction that, "FLSA procedure allows representative employees to file a lawsuit on behalf of a collective group and that the testimony of some may be considered representative proof on behalf of the whole class.")

[5] See 29 U.S.C. § 216(b); *Baden-Winterwood v. Life Time Fitness Inc*., 729 F. Supp. 2d 965, 990 (S.D. Ohio 2010); see also O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 585 (6th Cir. 2009).

[6] See 29 U.S.C. § 216(b); *Baden-Winterwood v. Life Time Fitness Inc*., 729 F. Supp. 2d 965, 995-97 (S.D. Ohio 2010).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**
ELEMENTS OF OVERTIME PAY

In order for the Plaintiffs to establish their claim for overtime compensation, they must prove by a preponderance of the evidence that they worked in excess of forty (40) hours during one or more workweeks for which they were not properly compensated.[7] If you find that the Plaintiffs have proved this proposition by a preponderance of the evidence, then you must find that the Plaintiffs have stated a valid overtime claim against Kroger.

---

[7] 29 U.S.C. § 207 (overtime wages)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4
### AFFIRMATIVE DEFENSES

If Plaintiffs establish a valid claim for overtime, Defendant Kroger can still prevail if Kroger can establish an affirmative defense to the claim.  An affirmative defense is an assertion of facts and arguments that, if proven true, will defeat the plaintiff's claim, even if all the elements of the plaintiffs' claim are true.[8]

Kroger has the burden of proving the elements of an affirmative defense by a preponderance of the evidence.[9] I'll instruct you on the facts Kroger must prove for any affirmative defense. After considering all the evidence, if you decide that Kroger has successfully proven that the required facts are more likely true than not, the affirmative defense is proved and Kroger has defeated the Plaintiffs' overtime claims.

---

[8] *Navarro v. P&G*, 515 F. Supp. 3d 718, 775 (S.D.Ohio 2021) *citing Starnes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1048 (W.D. Tenn. 2011) (*quoting* Black's Law Dictionary (9th ed. 2009))
[9] *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 400 (6th Cir.2004)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5**
FLSA ADMINISTRATIVE EXEMPTION

Kroger has asserted the affirmative defense that the Plaintiffs were employees employed in a bona fide administrative capacity under the FLSA, and thus exempt from the FLSA's overtime requirements.[10] This affirmative defense is commonly referred to as the "administrative exemption."

The administrative exemption is an affirmative defense on which Kroger must prove each element by a preponderance of the evidence.[11] To prevail on this affirmative defense, Kroger must prove each the following:

1. That the Plaintiff's primary duty was the performance of office or non-manual work directly related to the management or general business operations of the Defendant or the Defendant's customers; and

2. Plaintiff's primary duty included the exercise of discretion and independent judgment with respect to matters of significance.[12]

Thus, in order to be an "administrative employee" the employee's primary or major duties must be non-manual work directly related to management or general business operations, and must require an exercise discretion and independent judgment with respect to matters of significance. If both are not proved, the exemption fails.

---

[10] 29 U.S.C. § 213(a)(1); 29 U.S.C. § 541.200.
[11] *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 400 (6th Cir.2004)("[T]he employer bears not only the burden of proof, but also the burden on each element of the claimed exemption.")
[12] 29 CFR § 200(a)(2)-(3).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6**
PRIMARY DUTY

In determining whether the administrative exemption applies, you are to focus on the Plaintiffs' "primary duty."[13] The term "primary duty" means the principal, main, major or most important duty that the Plaintiffs perform.[14] This determination must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing the exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.[15]

The amount of time spent performing exempt work can be a useful guide in determining the primary duty of an employee. A task on which an employee spends more than 50 percent of his/her time will generally satisfy the primary duty requirement. Amount of time alone, however, is not the sole test, and it is not required that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion, i.e. duties on which they spend less than 50% of their time are the "principal" or "chief"—meaning the most important—duty performed by the employee.[16]

---

[13] *Burton v. Appriss, Inc.*, 682 F.App'x 423, *7 (6th Cir.2017);
[14] 29 C.F.R. §§ 541.700(a) 541.3(b)(3), 541.200.
[15] 29 C.F.R. § 541.700(a).
[16] 29 C.F.R. § 541.700(b); *Burton v. Appriss, Inc.*,, 2017 U.S. App. LEXIS 4763 at *10; *Perry v Randstad*, 876 F.2d 191, 208 (6th Cir. 2017)

6

Here, you are instructed that the Plaintiffs' primary duty is composed of three tasks:   1) Reviewing applications, 2) conducting phone screens, and 3) scheduling applicants for in store interviews.[17]  As such, in order for Kroger to establish that the administrative exemption applies to Plaintiffs, Kroger must establish that these primary duties are considered exempt work based upon the elements of the administrative exemption.

---

[17] 12/1/2020 Order Denying in Part, Granting in Part Plaintiffs' Motion for Summary Judgment, Dkt #94,   p. 10, 11.

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7**
WORK DIRECTLY RELATED TO MANAGEMENT OR GENERAL BUSINESS
OPERATIONS

Under the first element of the administrative exemption, Kroger must establish that the Plaintiffs' primary duty is the performance of work directly related to the management or general business operations of the employer or its customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.[18]  This distinction is sometimes called the administrative/production dichotomy.[19]

Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.[20]

---

[18] 29 CFR 541.201(a).
[19] *Foster v. Nationwide*, 710 F.3d 640, 644 (6th Cir. 2013)
[20] 29 CFR 541.201(b).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8**
DISCRETION AND INDEPENDENT JUDGMENT WITH RESPECT TO MATTERS OF SIGNIFICANCE

To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises.[21] In general, it involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered.[22]

The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work. An employee who simply tabulates data is not exempt, even if labeled as a "statistician."[23]

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather

---

[21] 29 C.F.R. § 541.202(b).
[22] 29 C.F.R § 541.202(a).
[23] 29 C.F.R. § 541.202(e).

than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. For example, the policies formulated by the credit manager of a large corporation may be subject to review by higher company officials who may approve or disapprove these policies. The management consultant who has made a study of the operations of a business and who has drawn a proposed change in organization may have the plan reviewed or revised by superiors before it is submitted to the client.[24]

An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to matters of significance even though serious consequences may flow from the employee's neglect. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer.[25] Even if employees exercise some discretion and independent judgment, that discretion must be exercised with respect to "matters of significance," important decisions involving important consequences.[26] In determining whether such discretion and independent judgment was exercised with respect to matters of significance, the work itself must be of substantial importance—not the

---

[24] 29 C.F.R. § 541.202(c).

[25] 29 C.F.R. § 541.202(f)

[26] 29 C.F.R. § 541.202(a); *See also Beauford v. ActionLink, LLC*, 781 F.3d 396, 404 (8th Cir. 2015) (Even if employees exercises some discretion and some level of independence, "the independence and discretion must [relate] to 'matters of significance,' important decisions involving important consequences. . . Almost all employees possess some discretion in their daily work.").

size of the consequences or loss that may result from improper performance of the employee's duties.[27]

Factors to consider when determining whether an employee exercises discretion and independent judgment *with respect to matters of significance* include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.[28]

---

[27] Lutz v. Huntington Bancshares, Inc., 815 F.3d 988, 997-998 (6th Cir.2016)
[28] 29 C.F.R §541.202(b) ; *Cameron v. Abercrombie & Fitch Co.*, 2012 U.S. Dist. LEXIS 131557, at *15-16 (S.D. Ohio Sept. 14, 2012)

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9
### HR MANAGERS VS. SCREENERS

Human resources managers who formulate, interpret or implement employment policies and management consultants who study the operations of a business and propose changes in organization generally meet the duties requirements for the administrative exemption. However, personnel clerks who "screen" applicants to obtain data regarding their minimum qualifications and fitness for employment generally do not meet the duties requirements for the administrative exemption. Such personnel clerks typically will reject all applicants who do not meet minimum standards for the particular job or for employment by the company. The minimum standards are usually set by the exempt human resources manager or other company officials, and the decision to hire from the group of qualified applicants who do meet the minimum standards is similarly made by the exempt human resources manager or other company officials. Thus, when the interviewing and screening functions are performed by the human resources manager or personnel manager who makes the hiring decision or makes recommendations for hiring from the pool of qualified applicants, such duties constitute exempt work, even though routine, because this work is directly and closely related to the employee's exempt functions.[29]

---

[29] 29 C.F.R. § 541.203(e); *Perry v Randstad*, 876 F.2d 191, 198 (6th Cir. 2017)

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10**
FLSA WAIVER

The mere fact that a Plaintiff has signed a contract or agreement stating that they will not receive overtime, or was told at the time they were hired that they would not receive overtime pay, or understood that they would not receive overtime pay is not determinative of whether or not the employee is entitled to overtime. Under the FLSA, the Plaintiffs cannot waive, or give up, their right to overtime, presuming they are found to be non-exempt.[30]

---

[30] *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945); *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11**
REPRESENTATIVE PROOF AS TO DAMAGES

If you find in favor of Plaintiffs and against Kroger as to Plaintiffs' overtime claims, you will then determine the average hours of overtime, per week, worked by each of the testifying Plaintiffs, as a matter of just and reasonable inference. In addition, you will be asked to give an estimate of the average number of hours worked per week by the non-testifying Plaintiffs during the relevant period.[31]

---

[31] *Dept. of Labor v. Cole Enter., Inc.,* 62 F.3d 775, 781 (6th Cir. 1995); *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 793 (1st Cir. 1991); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir.1991); *Baden-Winterwood v. Life Time Fitness Inc.*, 729 F. Supp. 2d 965, 999 (S.D. Ohio 2010); *Herman v. Hector I. Neives Transp., Inc.*, 91 F. Supp. 2d 435,.441 (D.P.R. 2000).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12
DETERMINING HOURS WORKED

The Plaintiffs bear the burden of proving they performed work for which they were not properly compensated, and the amount and extent of that work. However, employers, including Kroger, are required to keep an accurate record of all the hours worked by each employee each workday, the total hours worked each workweek, and the total amounts paid for overtime hours worked by each employee.[32] When the employer does not keep these records, the employer has to bear the burden of the lack of preciseness in the back wage calculations. Employers may not transfer the responsibility of ensuring those records' accuracy to their employees such as the Plaintiffs.

You must determine whether Kroger kept adequate records that accurately reflected all of this information. If you determine that Kroger failed to maintain accurate records and failed to prove the hours Plaintiffs worked, then the Plaintiffs are entitled to back pay for the amount of overtime work they establish through just and reasonable inferences, even if that amount is approximate. The Plaintiffs do not need to provide exact proof of the precise number of hours worked; rather, their honest estimates are enough.[33]

Under these circumstances, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the Plaintiffs' evidence.[34] . If the employer fails to meet this

---

[32] 29 U.S.C. § 211(c); 29 C.F.R. § 516.2

[33] *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 686-87 (1946)("Due regard must be given to the fact that it is the employer who has the duty under § 11 (c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed."); *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 472 (6th Cir. 1999); *Burry v. National Trailer Convoy, Inc.*, 338 F.2d 422, 427 (6th Cir. 1964).

[34] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Monroe v. FTS USA*, 860 F.3d 389, 399-401, 411-413 (6th Cir 2017); *Baden-Winterwood v. LifeTime Fitness*, 729 F. Supp. 2d 965(SD Ohio 2010); *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 747 (6th Cir. 2019); *United States DOL v. Cole Enters.*, 62 F.3d 775, 779 (6th Cir. 1995).

burden, the employees are entitled to back pay for the amount of work time that they established, even though the amount is only approximate. The employer cannot complaint that the estimation of hours worked lack the precision that would have been possible if the employer had kept the records required by law.[35]

---

[35] *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 6870, 686-88 (1946); *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 472 (6th Cir. 1999); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297-98 (3d Cir. 1991)(citing cases).

**PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 13**
REGULAR RATE OF PAY AND OVERTIME RATE OF PAY

If an employee is employed solely on a salary basis, the regular hourly rate of pay, in which overtime compensation at a rate of time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. For example, if an employee is hired at a salary of $400 per week and if it is understood that this salary is compensation for a regular workweek of 40 hours, the employee's regular rate of pay is $400 divided by 40 hours, or $10 an hour, and when the employee works overtime the employee is entitled to receive $10 for each of the first 40 hours and $15 (one and one-half times $10) for each hour thereafter.[36]

In this case, you are instructed that the Plaintiffs regular rate of pay is determined by dividing the employees annual salary by 52 weeks, and further dividing that salary by 40 hours per week. This will provide you a Plaintiffs regular rate of pay, upon which you can then determine the employee's overtime rate of pay by multiplying that amount by one and one-half (1.5).

---

[36] 29 U.S.C. § 207(a); 29 C.F.R. § 778.113(a)-(b).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14**
DAMAGES

If you find Kroger failed to pay Plaintiffs for overtime hours worked in violation of the FLSA and that Kroger has not proven all elements of the administrative exemption, you must determine how many overtime hours each testifying Plaintiff worked on average per week. That is, you must first determine whether the testifying Plaintiffs worked uncompensated overtime hours and if so, approximately how many hours they worked as a matter of just and reasonable inference.[37]

First, you must determine, based upon the evidence presented, an average number of overtime hours each Plaintiff worked on a weekly basis. Once you have made that determination, you will then take those average amounts and multiply them by the weeks worked by each Plaintiff, and the Plaintiffs overtime rate of pay. The result of that calculation will provide the amount of back wages owed to each testifying Plaintiff.

Finally, after you have made these determinations as to the testifying Plaintiffs, you must then apply those amounts to the non-testifying Plaintiffs on an average basis.[38] This is done by adding the amount of back wages owed to each testifying Plaintiff, and dividing by the number of testifying Plaintiffs in this case. This will provide the amount of back wages owed to each non-testifying Plaintiff.

---

[37] *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 6870, 686-88 (1946)
[38] *Monroe v. FTS USA, LLC*, 860 F.3d 389, 411 (6th Cir.2017); *Baden-Winterwood v. LifeTime Fitness*, 729 F. Supp. 2d 965(SD Ohio 2010)

18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH HARDESTY, et al.** | **:** | Case No. 1:16-CV-00298 |
| Individually and on behalf of All | **:** | |
| Others Similarly Situated | **:** | Judge Matthew W. McFarland |
| | **:** | |
| Plaintiffs, | **:** | |
| | **:** | |
| v. | **:** | **JURY INTERROGATORIES AND** |
| | **:** | **VERDICT FORM** |
| **THE KROGER CO., *et al*.** | **:** | |
| | **:** | |
| Defendants. | **:** | |

## <u>LIABIILITY INTERROGATORIES</u>

**Question No. 1**. Have Plaintiffs proved that they worked more than forty (40) hours during one or more workweeks for which they were improperly compensated?

Answer:        YES  _____        NO  _____

(If you answered, "no" to Question number one, do not answer any further questions.  You have found in favor of Defendant Kroger that none of the recruiters worked overtime for which they were not paid.)

**Question No 2.**  Has Kroger proved that the primary duties of Plaintiffs involved work directly related to the management or general business operations of CoRE?

Answer:        YES  _____        NO  _____

**Question No. 3**  Has Kroger proved that the primary duties of Plaintiffs involved the exercise of independent judgment with respect to matters of significance?

Answer:        YES  _____        NO  _____

19

If you have answered "Yes" to both Questions  2 and  3  above:  You have found for Defendant Kroger.  Do not answer any additional questions.

If you answered "No" to either Question 2 or 3 above:  Please answer the Damages Interrogatories set forth below.

## DAMAGES INTERROGATORIES

**Question No. 1:**

Identify the amount of overtime worked per week by each of the testifying Plaintiffs.

| Testifying Plaintiff | Average Overtime Hours Per Week |
|---|---|
| [To be filled in at close of evidence and prior to jury deliberations] | |
| | |
| | |
| | |
| | |
| | |

**Question No. 2**:  Based upon the Average Overtime Hours Per Week determined in Question No. 1, you must then determine the amount of back wages owed to each testifying Plaintiff. This is done by multiplying the Average Overtime Hours Worked Per Week for each Plaintiff by the number of weeks each Plaintiff worked at Kroger, and then multiplying that number by the Total Overtime by the overtime rate of pay determined in Instruction No. 13. This calculation is performed as follows:

**(Average OT Hours Per Week) \* (Weeks Worked) \* (OT Rate of Pay) = Wages Owed**

| Testifying Plaintiff | Average OT Hours Per Week | Weeks Worked | OT Rate of Pay | Wages Owed |
|---|---|---|---|---|
| [To be filled in at close of evidence and prior to jury deliberations] | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Question No. 3:** Finally, based upon the above you must also determine the overtime wages owed to the non-testifying Plaintiffs, which will be done on an estimated average basis. You are instructed to make this determination by adding the Back Wages determined to be owed to each testifying Plaintiff in Question 2, and dividing that total amount by the number of testifying Plaintiffs.

Back wages owed to each non-testifying Plaintiff: _____

Respectfully submitted,

/s/ Joshua M. Smith
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
Sharon Sobers (0030428)
Matthew D. Soaper (00100869)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com
sjs@sspfirm.com
mds@sspfirm.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served electronically through the District Court's electronic case filing system upon David K. Montgomery, Esq. and Ryan M. Martin, Esq., Jackson Lewis P.C., PNC Center, 26th Floor, 201 East Fifth Street, Cincinnati, Ohio 45202, this 21st day of February, 2022.

/s/ Joshua M. Smith
Joshua M. Smith (0092360)