# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOSEPH HARDESTY, ET AL.,** Individually and on behalf of All Others Similarly Situated | : Case No. 1:16-CV-00298 <br> : <br> : Judge Matthew W. McFarland <br> : |
| Plaintiffs, | : <br> : |
| v. | : **PLAINTIFFS' MOTION IN LIMINE** <br> : **AS TO DOCUMENTS PRODUCED** <br> : **THREE YEARS AFTER DISCOVERY** |
| **THE KROGER CO., et al.** | : **CUTOFF** <br> : |
| Defendants. | : |

Plaintiffs move for an Order *in limine* excluding Defendants' Exhibits 44-55 under Fed R. Civ. P. 37(c)(1); and any testimony related to these exhibits. The exhibits purport to be performance evaluations for certain members of the collective for the years 2015 and 2016, which were not produced by Defendant Kroger until February 21, 2022 (3 years after the Court's discovery deadline, and 3 weeks prior to trial). The exhibits are irrelevant, unfairly prejudicial, and require exclusion under Fed. R. Civ. P. 37(c)(1).

A Memorandum in Support and Affidavit of Counsel (**Exhibit A**) are attached.

          Respectfully submitted,

          /s/ Joshua M. Smith
          Peter A. Saba (0055535)
          Joshua M. Smith (0092360)
          Sharon Sobers (0030428)
          Matthew D. Soaper (0100869)
          STAGNARO, SABA
          & PATTERSON CO., L.P.A.
          2623 Erie Avenue
          Cincinnati, Ohio 45208
          (513) 533-2701
          (513) 533-2711 (fax)
          Pas@sspfirm.com
          jms@sspfirm.com
          sjs@sspfirm.com

mds@sspfirm.com

## **MEMORANDUM IN SUPPORT**

**I.  FACTUAL BACKGROUND**

In the first year of this litigation, Plaintiffs sent Defendant discovery requests for "Performance appraisals for the Named Plaintiffs and all other individuals who have submitted opt-in/consent forms for this lawsuit." (*See* **Exhibit A – Attachment 1**).

In Kroger's initial discovery response dated September 09, 2016, they provided performance appraisals for one collective member (Rhonda Furr) and responded, "Defendants object to this Request to the extent it is vague and ambiguous. Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants have produced and/or will produce non-privileged, non-work-product responsive documents, to the extent such documents exist." (*See* **Exhibit A – Attachment 2**).

Following that response, Kroger supplemented its discovery seven additional times ranging from September of 2016 through January of 2019[1]. (*See* **Exhibit A – Attachment 3**). In those responses, Kroger provided two more opt-in Plaintiffs' performance evaluations (Lawanna Haskins and Jeremy Hadden). From that point until one week ago, no additional performance reviews were produced.

On February 21, 2022, five and a half years after the initial request, three years after discovery cut-off, and three weeks before trial, Kroger produced 119 pages of additional documents purporting to be the performance appraisals previously requested, all of which were conducted during the course of litigation. Kroger claimed its failure to produce the documents was due to an oversight. (*See* **Exhibit A – Attachment 4**). Kroger also implied that both parties were

---

[1] Discovery ended January 7, 2019.

2

to blame, claiming the failure "escaped both sides" (despite such documents clearly being in the possession and control of Kroger) and that the plaintiffs should have been aware of their existence. See *Id*.

## II. LAW AND ARGUMENT

### A. Rule 37(c)(1) Exclusion

The exclusion of undisclosed evidence "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn, P.C.*, 388 F.3d 976, 983 (6th Cir. 2004); *See also,* Fed. R. Civ. P. 37(c)(1)("[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."). The automatic exclusion of the documents is especially the case when such documents are produced on the eve of trial. *See, e.g., Johnson v. UPS*, 236 F.R.D. 376, 377-78 (E.D. Tenn. 2006) ("cannot reasonably, in the two weeks between the disclosure and trial, investigate and conduct discovery on the issues raised by the new documents."); *Cannon v. Licking Cnty.*, No. 2:17-cv-00004, 2019 U.S. Dist. LEXIS 184681, at *4 (S.D. Ohio Oct. 25, 2019) ("because the tests were provided to Plaintiff so close to trial it is an unfair to expect Plaintiff to be able to adequately prepare for trial with respect to these documents. Therefore, the lack of timely disclosure is not harmless"); *Fettes v. City of Cambridge*, No. 2:06-cv-429, 2010 U.S. Dist. LEXIS 163923, at *5 (S.D. Ohio Aug. 12, 2010) (Judge excluded exhibits under Fed. R. Civ. P. 37(c)(1) because they were only provided thirty days before trial).

Here, Kroger not only failed to timely supplement its discovery responses, but they also failed to do so for over five years and then attempted it three years after the discovery cutoff and three weeks before trial. In those circumstances, the evidence should automatically be excluded from trial without further consideration. *See Id*.; Dickenson, 388 F.3d at 983.

3

Despite Rule 37(c)(1)'s automatic exclusion, Courts can permit late production when the late-producing party shows their failure was substantially justified or harmless. Factors to consider in making this determination include:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). In these circumstances, the non-complying party has the burden of proving harmlessness. *United States ex rel. TVA v. 1.72 Acres of Land*, 821 F.3d 742, 752 (6th Cir. 2016).

Here, Kroger cannot meet their burden to prove that the failure was substantially justified or harmless, even if this Court were to consider it. First, it is beyond dispute that Kroger outright surprised the Plaintiffs with over 100 pages worth of performance reviews three weeks before trial. The Plaintiffs requested these documents several years ago, and Kroger continued to provide responsive documents but failed to turn these performance appraisals over without excuse.

Second, Plaintiffs will have little to no opportunity to analyze such documents given how close the parties are to trial, let alone time to adequately investigate them. And, of course, there is no opportunity to conduct discovery on the documents, including questioning Kroger witnesses about them in deposition. *See, Johnson,* 236 F.R.D. at 377-78 (a party "cannot reasonably, in the two weeks between the disclosure and trial, investigate and conduct discovery on the issues raised by the new documents."); *Cannon*, No. 2:17-cv-00004, 2019 U.S. Dist. LEXIS 184681, at *4 ("because the tests were provided to Plaintiff so close to trial it is an unfair to expect Plaintiff to

4

be able to adequately prepare for trial with respect to these documents. Therefore, the lack of timely disclosure is not harmless"); *Fettes*, No. 2:06-cv-429, 2010 U.S. Dist. LEXIS 163923, at *5 (Judge excluded exhibits under Fed. R. Civ. P. 37(c)(1) because they were only provided thirty days before trial).

Third, these documents are entirely disruptive to the trial because Plaintiffs' counsel will need to discuss the production with each collective member, reassess their witnesses, and potentially re-open discovery to ask other witnesses about the performance reviews. *See Id.* That is not an outcome that Plaintiffs, the Court, or even Defendants should desire, and weighs against permitting the late-produced exhibits.

Fourth, these documents are not important nor necessary to the case. This is a collective action regarding a group of employees; the actual "day-to-day" job duties they performed, and Kroger's failure to compensate them for the hours they worked are what are at issue, not management's reviews of the Plaintiffs' performance. *Cf. Howe v. City of Akron*, 801 F.3d. at 749 (the fourth element was met because the "evidence was crucial to establishing an accurate back-pay award"). There will be live testimony from class members about their day-to-day duties and hours worked, and also documentary evidence of the same (training documents, job descriptions, phone records, etc.). Performance reviews and evaluations plainly have no effect on whether an employee worked a given number of hours or whether he is exempt or non-exempt.

Fifth and finally, Kroger's explanation for its failure is oversight; however, oversight for over five years is simply not justifiable. Otherwise, any party could have an "oversight" and then produce a document to the opposing party weeks before trial. Kroger's failure to supplement a request for production is their own burden to bear at trial, not the Plaintiffs.

As such, Plaintiffs respectfully request that the Court exclude evidence or testimony relating to documents produced on February 21, 2022, relating to Plaintiffs' performance evaluations based on Federal Rule of Civil Procedure 37(c)(1).

### B. Rule 401 and 403 Exclusion

Even if this Court finds that the Defendant's failure to supplement those performance appraisals was substantially justified and harmless, the Court should still exclude this evidence based upon Fed. R. Evid. 401 and 403, given they are not only irrelevant, but also unfairly prejudicial.

Fed. R. Evidence 401 states, "evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

Fed. R. Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, performance appraisals do not help to prove or disprove an employee's exemption status from the Fair Labor Standards Act. These documents do not determine if the employees worked overtime, nor do they show whether Plaintiffs' primary job duties (screening and scheduling) constitute exempt work. Therefore, they provide no relevant value.

Further, even if the documents at issue have some minimal relevance, they are unfairly prejudicial to the Plaintiffs, given they explicitly discuss performance, including positive and negative. With respect to negative reviews, introduction of the same risks the jury weighing those

against a Plaintiffs' claims for overtime compensation, despite the fact that poor performance makes no difference as to the Plaintiffs' entitlement to compensation.

Thus, beyond the fact that the documents are subject to automatic exclusion under the civil rules, they should also be excluded under Rule 401 and 403.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion in Limine as to Exhibits 44-55, and testimony relating to those exhibits.

Respectfully submitted,

*/s/ Joshua M. Smith*
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
Sharon Sobers (0030428)
Matthew D. Soaper (0100869)
Stagnaro, Saba & Patterson Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 – fax
Pas@sspfirm.com
jms@sspfirm.com
sjs@sspfirm.com
mds@sspfirm.com

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served electronically through the District Court's electronic case filing system upon David K. Montgomery, Esq. and Ryan M. Martin, Esq., Jackson Lewis P.C., PNC Center, 26th Floor, 201 East Fifth Street, Cincinnati, Ohio 45202, this 28th day of February 2022.

/s/ Joshua M. Smith
Joshua M. Smith (0092360)