# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**Agreement**") is entered into by, between and among (a) Joseph Hardesty, Madeline Hickey, and Derek Chipman ("**Representative Plaintiffs**") individually and on behalf of all collective class members as defined herein and (b) The Kroger Co. and Kroger G.O. LLC, along with their affiliates and subsidiaries (together, "**Kroger**" or "**Defendants**" as defined herein). Collectively, Representative Plaintiffs and Defendants shall be referred to as the "**Parties**."

WHEREAS, the Representative Plaintiffs filed a lawsuit in the United States District Court for the Southern District of Ohio, titled *Joseph Hardesty, et al. v. Kroger Co., et al.*, Case No. 1:16-CV-298 ("**Action**"), alleging that Defendants violated the Fair Labor Standards Act (FLSA) and applicable state law by misclassifying them as overtime exempt and, as a result, failing to pay Representative Plaintiffs and other similarly situated employees overtime pay for hours worked over 40 in a workweek.

WHEREAS, the Court granted Representative Plaintiffs' Motion for Conditional Certification and conditionally certified the following collective class on July 19, 2016: "All employees classified as Recruiters, who were employed at Kroger's Center of Recruiting Excellence ("CoRE") in Blue Ash, Ohio, at any time from the beginning of CoRE's operations in October 2014 to the present who worked in excess of forty (40) hours during any given workweek." Notice was subsequently issued to the potential opt-in plaintiffs. Twenty-seven (27) opt-in plaintiffs ("Opt-In Plaintiffs"), including the Representative Plaintiffs, joined this case. Representative Plaintiffs and Opt-In Plaintiffs will be referred to collectively as "Plaintiffs".

WHEREAS, Defendants have denied and continue to deny that they violated any federal or state laws, breached any duty, failed to pay any employees as required by the FLSA or any state law, engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that Representative Plaintiffs raised, or could have raised, in the Action;

WHEREAS, a bona fide dispute exists between the Plaintiffs and Defendants as to the amount, if any, of overtime compensation owed to the Representative Plaintiffs and Opt-In Plaintiffs;

WHEREAS, the Parties engaged in settlement negotiations that eventually led to a settlement. The terms of the settlement agreement are reflected in this Agreement and, subject to Court approval, will fully and finally settle, resolve, and dismiss with prejudice this dispute and the Action.

WHEREAS, with this settlement, the Parties desire to avoid incurring further burdens, expenses, and costs of the Action and seek to resolve, in an amicable fashion, all matters arising out of, or related to, the Action and any claims that could have been raised by the Representative Plaintiffs in the Action; and

WHEREAS, Representative Plaintiffs have consulted with Counsel, have analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiffs, and, recognizing the significant risks of continued litigation, including the possibility that Plaintiffs otherwise may not recover anything or may recover an amount less than provided

for in this Agreement, Representative Plaintiffs' have concluded that the terms and conditions of this Agreement are reasonable and fair and the Agreement is in Plaintiffs' best interest.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in the Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

**1.    DEFINITIONS**

1.1.   **Action**. Action means the above-captioned case.

1.2.   **Agreement**. Agreement means this Settlement Agreement and Release.

1.3.   **Approval Motion**. Approval Motion means the motion filed by the Parties seeking approval of the Settlement from the Court.

1.4.   **Approval Order**. Approval Order means the Order entered by the Court that approves the Settlement, directing the manner and timing of providing Collective Action Notices and Settlement Checks to the Plaintiffs, the distribution of the Settlement Fund, and that dismisses the Action.

1.5.   **Collective Action Notice**. Collective Action Notice means the Court-approved Notice of Settlement of Collective Action Lawsuit attached hereto as **Exhibit A**.

1.6.   **Court**. Court means the United States District Court for the Southern District of Ohio, Western Division.

1.7.   **Defendants' Counsel**. Defendants' Counsel means Jackson Lewis P.C.

1.8.   **Net Settlement Fund.** Net Settlement Fund means the Settlement Fund to be paid by Defendants pursuant to this Agreement less deductions for: (1) Court-approved attorney fees and costs for Plaintiffs' Counsel; and (2) the Court-approved Service Award to the Representative Plaintiffs.

1.9.   **Plaintiff(s)**. Plaintiffs are the Representative Plaintiffs and all individuals who consented to join the Action as party-plaintiffs. The Plaintiffs are identified in **Exhibit B**.

1.10.  **Plaintiffs' Counsel**. Plaintiffs' Counsel means Stagnaro, Saba & Patterson Co, LPA.

1.11.  **Relevant Period**. Relevant Period refers to the period between October 31, 2014 and December 1, 2016.

1.12.  **Representative Plaintiffs**. Representative Plaintiffs means Joseph Hardesty, Madeline Hickey, and Derek Chipman.

1.13.  **Service Award**. Service Award means a special payment made to Representative Plaintiffs to compensate them for initiating the Action, performing work in support of, or otherwise participating in, the Action, undertaking the risk of liability for attorney fees and

2

expenses in the event Representative Plaintiffs were unsuccessful in the prosecution of the Action, and/or providing a general release to the Released Parties as described in Section 4.2.2. below.

  1.14. **Settlement**. Settlement means the disposition of the Action and all related claims effectuated by, and in accordance with the terms of, this Agreement.

  1.15. **Settlement Fund.** Settlement Fund means the amount of settlement money to be paid by Defendants to the Representative Plaintiffs, Plaintiffs, and Plaintiffs' Counsel. It does not include Defendants' share of its payroll taxes.

  1.16. **Settlement Checks**. Settlement Checks mean the checks generated and mailed out by Defendants to pay the Settlement Shares.

  1.17. **Settlement Share**. Settlement Share means each Plaintiff's share of the Net Settlement Fund as provided for in this Agreement.

## 2. INITIAL PROCEDURAL ISSUES

  2.1. **Binding Agreement**. This Agreement is a binding agreement and contains all materially agreed-upon terms for the Parties to seek a full and final settlement of the Action.

  2.2. **Jurisdiction**. This Action is brought and is before the Court under the FLSA, 29 U.S.C. § 201 *et seq*. The Parties agree that the Court has jurisdiction over each and all of the claims in the Action.

## 3. MOTION FOR APPROVAL OF SETTLEMENT

  3.1. As soon as practicable following execution of this Agreement, the Parties shall submit to the Court a Joint Motion for Approval of Settlement (Approval Motion) which shall include a proposed order (the Approval Order) (1) approving the Settlement as fair, adequate, and reasonable; (2) approving the Service Award; (3) approving Plaintiffs' attorney fees and costs award; and (4) dismissing the Action with prejudice.

  3.2. If the Court does not approve the Settlement for any reason, the Parties shall act in good faith to address the Court's concerns, and resubmit a revised agreement, to the extent possible. If the Court does not approve a revised agreement, including this Agreement and any amendments to the same, the Agreement shall be terminated as of the date of the Court's Order denying the same. Upon termination of this Agreement or any revised agreement, the Action will resume as if no settlement had been reached.

## 4. SETTLEMENT TERMS

  4.1. **Settlement Fund**. Defendant agrees to pay the total sum of ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "Settlement Fund"), which, upon execution of the Approval Order, shall fully resolve and satisfy and encompass (1) all Settlement Shares to Plaintiffs; (2) the Service Award; (3) Plaintiffs' Counsel's attorney fees and expenses incurred to date, securing trial court approval of the Settlement, and attending to the administration of the Settlement, and obtaining dismissal of the Action. Defendants' share of payroll taxes is not included in the Settlement Fund.

4.2. **Distribution of Settlement Fund**. The Parties agree, subject to Court approval, the Settlement Fund will be distributed by Defendants as follows:

4.2.1. Attorney Fees and Litigation Costs. Through the Approval Motion, Plaintiffs will petition the Court for an award of attorney fees of ▆▆▆▆ and costs of ▆▆▆▆. Defendants' Counsel shall not oppose the petition for the award of attorneys fees and costs and shall reasonably cooperate with Plaintiff and Plaintiffs' Counsel to the extent necessary to obtain the Court's approval of the petition. Following the approval of the petition, Defendants shall have no additional liability for Plaintiffs' attorney fees, expenses, and costs beyond the amounts defined in this paragraph. Plaintiffs' Counsel will receive an IRS Form 1099 with respect to its awarded attorney fees, expenses, and costs. If attorney fees or costs are not initially approved in the full amount provided for in this paragraph, the Parties will jointly attempt to address the Court's concerns, and submit a revised petition, as applicable. Defendants' shall not oppose any revised petition proposed by Plaintiffs for the award of attorneys fees and costs, so long as such petition is not in excess of ▆▆▆▆ (with respect to fees) and ▆▆▆▆ (with respect to costs), and shall reasonably cooperate with Plaintiffs and Plaintiffs' Counsel to the extent necessary to obtain the Court's approval of any revised petition. In the event such efforts are unsuccessful and all appeal rights are exhausted, any amount not approved will become a part of the Net Settlement Fund and distributed in accordance with the terms of this Settlement Agreement. Defendants will mail a check to Plaintiffs' Counsel for its attorney fees and costs within 30 days of the Court's entry of the Approval Order.

4.2.2. Service Award to Representative Plaintiffs. Defendants will not oppose a Service Award of ▆▆▆▆ to be paid out of the Settlement Fund to each Representative Plaintiff. This Service Award will be paid in addition to Representative Plaintiffs' Settlement Share, if the Representative Plaintiffs sign a general release described in Section 6.2 below. Only Representative Plaintiffs are entitled to receive a Service Award under this Agreement. Defendants will mail the Service Award to Representative Plaintiffs within 30 days of the Court's entry of the Approval Order.

4.2.3. Settlement Shares to Plaintiffs. The allocation of Settlement Shares will be made from the Net Settlement Fund and paid only to Plaintiffs. The Net Settlement Fund will be allocated among Plaintiffs on a pro rata basis based on number of work weeks each Plaintiff was employed as a CORE Recruiter and estimated hours worked over 40 during the Relevant Period, as calculated on the attached **Exhibit C**. If any Plaintiff did not work a workweek during this period, they will be treated as though they worked one workweek during that period.

4.3. **Tax Characterization**. One half of the Settlement Share paid to each Plaintiff will be reported on IRS Forms W-2 and will be net of applicable tax deductions and withholdings in accordance with applicable IRS, state and local rules, guidance and formulas including payroll taxes applicable to such payments. The second half of the Settlement Share paid to each Plaintiff, and the Service Award paid to Representative Plaintiff, will be reported on IRS Forms 1099. Plaintiffs acknowledge and agree that the monies paid by Kroger pursuant to the terms of this Agreement (including, without limitation, the entirety of Settlement Shares as well as Service Awards), may be taxable to Plaintiffs by the federal government, as well as state and local governmental entities. Plaintiffs further acknowledge, understand and agree that Kroger makes no representations regarding the nature or extent of taxability of any monies paid and that, apart from the portions of Settlement Shares paid net of applicable tax deductions and withholdings

4

per the terms of the Agreement, Plaintiffs and Plaintiffs alone are responsible for the payment of taxes to any federal, state or local governmental entity arising from any payment under this Agreement and agree to indemnify Kroger for any tax liability on the amounts paid pursuant to the terms of this Agreement, excluding any amounts withheld by Kroger from the Settlement Fund for the payment of payroll taxes .

        4.4. **Unclaimed or Uncashed Settlement Checks and Service Awards**. Any Settlement Check or Service Award that remains unclaimed or uncashed after 120 days of issuance to a Plaintiff will be deemed null and void and will revert back to Defendants. Defendants shall notify Plaintiffs' Counsel with reasonable promptness of any checks which are returned as undeliverable. On or before the 60th day following issuance, Defendants shall notify Plaintiff's counsel of any Settlement Check or Service Award which remains unclaimed. Upon appropriate and timely written notice of any Settlement Check or Service Award which a Plaintiff did not receive, Defendants agree to re-issue such payment following appropriate and timely confirmation of a correct address of the applicable Plaintiff, less any check cancellation fee actually incurred by Defendant in order to stop payment on the initially issued check.

        **5.**      **COLLECTIVE ACTION NOTICES AND PROCEDURES**

        5.1.     Within 14 days following the Court's entry of the Approval Order, Plaintiffs' Counsel shall provide Defendants' Counsel with a list of all Plaintiffs and their last known addresses. Plaintiffs and Defendants will mutually calculate and agree upon the Settlement Shares as described herein.

        5.2.     Within 30 days of the Court's entry of the Approval Order, Defendants will mail the Collective Action Notice in the form attached as Exhibit A approved by the Court (or in any other form as the Court may approve) to the Plaintiffs by First Class Mail. Defendants will include each Plaintiff's Settlement Check with the Collective Action Notice. Defendants will notify Plaintiffs' Counsel of any Collective Action Notice sent to a Plaintiff that is returned as undeliverable. Upon receiving appropriate and timely written notice of an updated address from Plaintiffs' Counsel, Defendants will re-issue the Collective Action Notice and Settlement Check to the provided address.

        **6.**      **RELEASE OF CLAIMS**

        6.1.     **Plaintiffs**. By operation of participating in the Settlement, each Plaintiff forever and fully releases The Kroger Co. and Kroger G.O. LLC, and their present and former owners, partners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, divisions, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively, the Released Parties), from all claims that are based upon, or arise out of the facts, acts, transactions, occurrences, events, or omissions alleged in the Action, including, but not limited to, wage and hour claims, rights, demands, liabilities and causes of action that were asserted or could have been asserted in the Action, under federal, state, local, or other applicable wage and hour laws by and on behalf of the collective class in the Action (the Released Claims), through the date of the Approval Order. The Released Claims include all claims under any federal, state, and/or local wage and hour laws, including, without limitation, the FLSA, the Ohio

5

Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act, whether known or unknown, asserted or unasserted, of any kind whatsoever for unpaid overtime or minimum wages, unpaid costs, penalties, liquidated damages, punitive damages, and for all attorney fees and costs/expenses associated with Plaintiffs' Counsel's representation of Plaintiffs. This release does not include separate FLSA collective action claims in *Schell et al. v. The Kroger Company,* Case No. 1:21-cv-00103, for which one or more Plaintiffs is or may be a class member.

      6.2.    **Receipt of Service Award by Representative Plaintiffs**. In addition to the claims released by the Representative Plaintiffs pursuant to Paragraph 6.1 and effective upon entry of the Approval Order, the Representative Plaintiffs who receive a Service Award also release and discharge the Released Parties from all claims asserted, or claims, rights, demands, liabilities, and causes of action that have been or could have been asserted, under all federal, state, and/or local laws (Service Award Released Claims). The Service Award Released Claims include any and all claims arising under federal, state, and/or local law, including, but not limited to, all wage and hour laws, antidiscrimination laws, and employee benefit laws. The Service Award Released Claims include, but are not limited to, all claims arising under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Civil Rights Act of 1991, the Federal Family Medical Leave Act, the Equal Pay Act, and the statutes and regulations of any state relating to the foregoing, whether known or unknown, asserted or unasserted, of any kind whatsoever, arising at any point prior to entry of the Approval Order, including without limitation, claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest for unpaid regular or overtime wages, any related wage and hour claims, interest on such claims, and attorney's fees and costs related to any Service Award Released Claims, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, from the beginning of time through the date of the Approval Order. The Service Award Released Claims do not include workers' compensation claims, whether known or unknown.

      6.3.    **Plaintiffs' Counsel**.

      Plaintiffs' Counsel, on behalf of Plaintiffs, acknowledge, understand and agree that any attorney fee and costs/expenses payments approved by the Court will be the full, final and complete payment of all attorney fees and costs/expenses associated with Plaintiffs' Counsel's representation of Plaintiffs and with the litigation and resolution of the Action..

      **7.**    **VOIDING THE AGREEMENT**

      If the Court does not issue an Approval Order, then this Settlement will become null and void, provided that the failure by the Court or an appellate court to award or sustain the full amount of any Service Award or Plaintiffs' Counsel's attorney fees and expenses when such award is not subject to Plaintiffs' objection or appeal, will not constitute a failure to approve the Settlement or a material modification of the Settlement.

      **8.**    **CONFIDENTIALITY**

      Representative Plaintiffs will keep the negotiations leading up to this Agreement, the Settlement Fund and the sum of individual Plaintiffs' Settlement Shares, the amount of attorney fees and costs paid, and the fact of the Settlement itself (together, Confidential Settlement Issues) confidential and they hereafter will not disclose Confidential Settlement Issues to any person or

persons. Notwithstanding the foregoing, Representative Plaintiffs may disclose Confidential Settlement Issues to their attorneys, clients, co-Plaintiffs, accountants, and immediate families; to the Court and Court personnel, and in any public Court filings as necessary to seek Court approval of this Settlement, except as outlined in this Paragraph of the Agreement, and otherwise as required by court or governmental order, subpoena, or as otherwise required by law. If required by court or governmental order, subpoena, or otherwise as required by law to disclose Confidential Settlement Issues, Representative Plaintiffs will notify Defendants' Counsel prior to making any such disclosure and permit Defendants a reasonable time to object to such disclosure. Representative Plaintiffs shall not, either directly or by and through counsel or any third party, make any public statement or press release concerning Confidential Settlement Issues other than as necessary to seek approval of, or carry out the terms of, this Settlement. If Representative Plaintiffs violate this paragraph, Defendants shall be entitled to any and all remedies available in law or in equity.

The Parties agree that they will take any actions necessary and will reasonably cooperate to the extent necessary to petition the Court to keep the financial terms of this Agreement confidential, including but not limited to redacting such information in Court filings or filing such information under seal. The Parties acknowledge, however, that the Court will make the final determination regarding the Parties' ability to keep the financial terms of the settlement confidential and that such determination will not affect the overall enforceability of this Agreement.

## 9. WAIVER OF APPEALS

Defendants and Representative Plaintiffs waive all appeals from the Court's Approval Order of the Settlement unless the Court materially modifies the Settlement.

## 10. AUTHORITY TO ACT FOR PLAINTIFFS

Plaintiffs' Counsel represents and warrants, to the best of their knowledge that, as of the date of this Agreement; i) none of the Plaintiffs have terminated Plaintiff's Counsel's representation of the various Plaintiffs; and ii) as a result, Plaintiff's Counsel continues to have full authority to enter into this Agreement on behalf of Plaintiffs and to bind them to all of its terms and conditions.

## 11. FAIR, ADEQUATE, AND REASONABLE SETTLEMENT

The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

## 12. MODIFICATION OF AGREEMENT

This Agreement may not be modified or canceled in any manner except by a writing signed by Plaintiffs' Counsel and an authorized representative of Defendant.

## 13. SEVERABILITY

If any provision of this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

## 14. APPLICABLE LAW

7

This Agreement shall be governed by Ohio law, without regard to its principles of conflicts of laws.

### 15. HEADINGS

Section headings in this Agreement are included for convenience of reference only and shall not be a part of this Agreement for any other purpose.

### 16. INTEGRATED AGREEMENT

This Agreement contains the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements relating to the Action or to the claims and allegations in the Action, whether oral or written and whether by a party or such party's legal counsel, are merged in this Settlement. For the avoidance of doubt, this Agreement does not vitiate or modify any Plaintiff's obligation under any other written agreement between such individual and Defendants or any of its former or present parents, subsidiaries, and affiliated entities that was not executed in connection with this Action, such as any non-disclosure agreement, separation agreement, or any other release agreement between the individual and any Defendant or any of its former or present parents, subsidiaries, and affiliated entities, or any other agreement that such individual may have signed in connection with his or her assignment or engagement to provide services to any Defendant or any of its former or present parent, subsidiary, and affiliated entities or the termination of such assignment or engagement. No rights under this Settlement may be waived except in writing.

### 17. NO PRIOR ASSIGNMENTS

The Parties represent and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Agreement.

### 18. BINDING ON SUCCESSORS

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

### 19. NO ADMISSION OF LIABILITY OR COLLECTIVE ACTION CERTIFICATION

Defendants deny that they have engaged in any unlawful activity, have failed to comply with the law in any respect, have any liability to anyone under the claims asserted in the Action, or that, but for the Settlement, a collective class should be certified in the Action. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants or an admission that collective action certification is proper.

### 20. CONSTRUCTION

The Parties agree that the terms and conditions of this Agreement are the result of arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of this Agreement.

**21. NOTICES**

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing as follows:

>To Plaintiffs:
>
>Peter A. Saba
>Joshua M. Smith
>Stagnaro, Saba & Patterson Co., LPA
>2623 Erie Avenue
>Cincinnati, Ohio 45202
>
>To Defendant:
>
>David K. Montgomery
>
>Ryan M. Martin
>Jackson Lewis P.C.
>PNC Center
>201 E. Fifth Street, 26th Floor
>Cincinnati, Ohio 45202

**22. EXECUTION IN COUNTERPARTS**

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement which shall be binding upon and effective as to all Parties. Photocopies, scanned copies, and facsimiles shall be as effective as originals, including the Parties' signatures.

*SIGNATURES APPEAR ON FOLLOWING PAGE*

9

**THE KROGER CO.**

       Signature:_____

       Printed name:_____

       Title: _____

       Dated: _____

**KROGER G.O. LLC**

       Signature:_____

       Printed name:_____

       Title: _____

       Dated: _____

**REPRESENTATIVE PLAINTIFF**

       Signature:_____

       Printed name:_____

       Dated: _____

**REPRESENTATIVE PLAINTIFF**

       Signature:_____

       Printed name:_____

Dated: _____

**REPRESENTATIVE PLAINTIFF**

Signature:_____

Printed name:_____

Dated: _____

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HARDESTY, ET AL.** | * | Case No. 1:16-CV-00298 |
| | * | |
| Plaintiffs, | * | Judge Matthew W. McFarland |
| | * | |
| v. | * | |
| | * | |
| **THE KROGER CO., ET AL.,** | * | |
| | * | |
| Defendants. | * | |
| | * | |

NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

Representative Plaintiffs Joseph Hardesty, Madeline Hickey, and Derek Chipman ("Representative Plaintiffs"), and Defendants The Kroger Co. and Kroger G.O. LLC ("Defendant" or "Kroger") reached an agreement to settle the above-captioned case (the "Lawsuit"). That Agreement and this Notice have been approved by the Court. This Notice provides you with information about the settlement and instructions for recovering your settlement payment.

I.  **DESCRIPTION OF THE LAWSUIT**

On February 9, 2016, Representative Plaintiffs filed this lawsuit against Kroger on behalf of themselves and other current and former recruiters employed at the Center of Recruiting Excellence ("CoRE") alleging overtime violations under the Fair Labor Standards Act ("FLSA") and applicable state law. Representative Plaintiffs alleged that Kroger violated the FLSA by misclassifying them as exempt from applicable overtime laws.

1

On July 19, 2016, the Court issued an order conditionally certifying this case as a collective action and authorizing the distribution of the notice of the Lawsuit to potentially eligible individuals. You returned a form consenting to join this Lawsuit as an "Opt-In Plaintiff."

## II.     SETTLEMENT OF THE LAWSUIT

The Parties settled the Lawsuit on or around March 11, 2022. The Court has approved the settlement.  Enclosed with this Notice is your settlement payment in the amount of [INSERT AMOUNT]. One half of your settlement payment will be reported as wages for tax purposes, and you will receive an IRS Form W-2. Standard tax withholdings for wage payments will be deducted from this installment. The other half of your settlement payment will be reported on an IRS Form 1099.  **You will have 120 days from the date each check is issued to cash your settlement check, or it will be void**.

## III.    ATTORNEYS' FEES AND COSTS

The Court has approved Plaintiffs' Counsel's attorneys' fees in the amount of ▮▮▮▮▮. The Court has also approved Plaintiffs' Counsel's request for payment of costs incurred to litigate the case from the total settlement amount.

## IV     SCOPE OF RELEASE

By cashing your settlement check, you agree to forever and fully release The Kroger Co., Kroger G.O. LLC, and their present and former owners, partners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parents, divisions, subsidiaries, affiliates, benefits plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action (collectively, the Released Parties), from all claims that are based upon, or arise out of the facts, acts, transactions, occurrences, events, or omissions alleged in the Lawsuit, including, but not limited to, wage and hour claims, rights,

demands, liabilities and causes of action that were asserted or could have been asserted in the Lawsuit, under federal, state, local, or other applicable wage and hour laws by and on behalf of the collective class in the Lawsuit (the Released Claims), through **[the date of the Approval Order]**. The Released Claims include all claims under and federal, state, and/or local wage and hour laws, including, without limitation, the FLSA, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act, whether known or unknown, asserted or unasserted, of any kind whatsoever for unpaid overtime or minimum wages, unpaid costs, penalties, liquidated damages, and punitive damages. This release does not include separate FLSA collective action claims in *Schell et al. v. The Kroger Company,* Case No. 1:21-cv-00103, for which any Plaintiff is or may be a class member

V.    **CONFIDENTIALITY OF SETTLEMENT**

Please be advised that this settlement is confidential.  Please do not discuss this settlement with anyone other than your spouse, tax advisor(s), or attorney(s).

VI.    **NO RETALIATION OR ADVERSE ACTION**

Kroger will not take any adverse action against any individual because he or she participates in the settlement.

VII.    **QUESTIONS ABOUT THE SETTLEMENT**

Questions about the settlement should be directed to:

>Peter A. Saba
>Joshua M. Smith
>Stagnaro, Saba & Patterson Co., LPA
>2623 Erie Avenue
>Cincinnati, Ohio 45202
>(513) 533-6715
>jms@sspfirm.com

3

Exhibit B

**Exhibit B to Joint Stipulation of Settlement and Release Collective Class Members**

|     | NAME                  |
| --- | --------------------- |
| 1.  | Bradley, Christian    |
| 2.  | Burchett, Kimberly    |
| 3.  | Chipman, Derek        |
| 4.  | Conroy, Jessica       |
| 5.  | Cooper, Alexandra     |
| 6.  | Cress, Jacob          |
| 7.  | Elkins-Shumann, Sara  |
| 8.  | Flint, Curtis         |
| 9.  | Furr, Rhonda          |
| 10. | Gayhart, Amanda       |
| 11. | Hadden, Jeremy        |
| 12. | Hardesty, Joseph      |
| 13. | Haskins, Lawanna      |
| 14. | Hickey, Madeline      |
| 15. | Hom, Corbin           |
| 16. | Johnson, Jalen        |
| 17. | Kovatch, Michael      |
| 18. | LaCour, Marcus        |
| 19. | Lewis, Wahid          |
| 20. | Martin, Dominic       |
| 21. | Matibiri, Tinashe     |
| 22. | McIntire, Craig       |

| 23. | Moore, Latasha |
| --- | --- |
| 24. | Rutledge, Kelly |
| 25. | Taske, Matthew |
| 26. | Ward, Marye |
| 27. | West, Rondalyn |

4858-8213-2764, v. 1

5

PROVIDED FOR SETTLEMENT PURPOSES ONLY AND INADMISSIBLE UNDER RULE 408

| Employee | Salary | Regular Rate (Salary/2080) | OT Rate (Reg. Rate x 1.5) | Start/Change Date | End Date | Weeks of Employment | Scheduled OT Calculation | Weeks of Additional Overtime | Unscheduled OT Calculation | Total Back Wages Owed | Liquidated Damages | Total | Settlement Amount | Settlement Payment to each Class Member |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alexandra Cooper | $ | | | 3/16/2015 | 7/31/2015 | 20 | | 16 | | | | | | |
| Alexandra Cooper w/ 2015 Merit | $ | | | 8/1/2015 | 7/26/2016 | 51 | | 51 | | | | | | |
| Amanda Gayhart | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 18 | | | | | | |
| Amanda Gayhart w/2015 Merit | $ | | | 8/1/2015 | 12/30/2015 | 22 | | 15 | | | | | | |
| Christian Bradley | $ | | | 3/16/2015 | 6/9/2015 | 12 | | 8 | | | | | | |
| Ckris Matibiri | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Ckris Matibiri w/ 2015 Merit | $ | | | 8/1/2015 | 11/24/2015 | 16 | | 16 | | | | | | |
| Corbin Hom | $ | | | 6/27/2016 | 12/1/2016 | 22 | | 20 | | | | | | |
| Craig McIntyre | $ | | | 3/16/2015 | 7/31/2015 | 20 | | 16 | | | | | | |
| Craig McIntyre w/ 2015 Merit | $ | | | 8/1/2015 | 5/7/2016 | 40 | | 40 | | | | | | |
| Curtis Flint | $ | | | 7/6/2015 | 11/24/2015 | 20 | | 18 | | | | | | |
| Derek Chipman | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Derek Chipman w/ 2015 Merit | $ | | | 8/1/2015 | 8/7/2015 | 1 | | 1 | | | | | | |
| Dominic Martin | $ | | | 11/10/2014 | 1/28/2015 | 11 | | 11 | | | | | | |
| Jacob Cress | $ | | | 7/20/2015 | 7/31/2015 | 54 | | 50 | | | | | | |
| Jacob Cress w/ 2016 Merit | $ | | | 8/1/2016 | 8/29/2016 | 4 | | 4 | | | | | | |
| Jalen Johnson | $ | | | 4/11/2016 | 7/31/2016 | 16 | | 14 | | | | | | |
| Jalen Johnson w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Jeremy Hadden | $ | | | 2/23/2015 | 7/20/2015 | 21 | | 17 | | | | | | |
| Jessica Conroy | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Jessica Conroy w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 52 | | | | | | |
| Jessica Conroy w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Joseph Hardesty | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Joseph Hardesty w/ 2015 Merit | $ | | | 8/1/2015 | 9/14/2015 | 6 | | 6 | | | | | | |
| Kelly Rutledge | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 15 | | | | | | |
| Kelly Rutledge w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 44 | | | | | | |
| Kelly Rutledge w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Kimberly Burchett | $ | | | 11/3/2014 | 3/26/2015 | 20 | | 20 | | | | | | |
| Latasha Moore | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Latasha Moore w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 52 | | | | | | |
| Latasha Moore w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Lawanna Haskins1 | $ | | | 2/23/2015 | 6/30/2015 | 18 | | 14 | | | | | | |
| Lawanna Haskins2 | $ | | | 9/19/2016 | 12/1/2016 | 10 | | 10 | | | | | | |
| Madeline Hickey | $ | | | 10/31/2014 | 4/1/2015 | 22 | | 22 | | | | | | |
| Marcus LaCour | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Marcus LaCour w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 52 | | | | | | |
| Marcus LaCour w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Marye Ward | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Marye Ward w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 50 | | | | | | |
| Marye Ward w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Matt Taske | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Matt Taske w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 52 | | | | | | |
| Matt Taske w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Michael Kovatch | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Michael Kovatch w/ 2015 Merit | $ | | | 8/1/2015 | 3/5/2016 | 31 | | 31 | | | | | | |
| Rhonda Furr | $ | | | 2/23/2015 | 7/31/2015 | 23 | | 19 | | | | | | |
| Rhonda Furr w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 52 | | | | | | |
| Rhonda Furr w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Rondalyn West | $ | | | 9/14/2015 | 7/31/2016 | 46 | | 44 | | | | | | |
| Rondalyn West w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |
| Sara Elkins-Schumann | $ | | | 11/3/2014 | 3/13/2015 | 19 | | 19 | | | | | | |
| Wahid Lewis | $ | | | 3/16/2015 | 7/31/2015 | 20 | | 17 | | | | | | |
| Wahid Lewis w/ 2015 Merit | $ | | | 8/1/2015 | 7/31/2016 | 52 | | 52 | | | | | | |
| Wahid Lewis w/ 2016 Merit | $ | | | 8/1/2016 | 12/1/2016 | 17 | | 17 | | | | | | |

Back Wages | Liquidated Damages | TOTAL

Exhibit C