UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HARDESTY, et al.** | : | Case No. 1:16-CV-00298 |
| Individually and on behalf of All | : | |
| Others Similarly Situated | : | Judge Matthew W. McFarland |
| | : | |
| Plaintiffs, | : | |
| | : | **PROPOSED ORDER OF DISMISSAL** |
| v. | : | **AND APPROVING COLLECTIVE** |
| | : | **ACTION SETTLEMENT** |
| **THE KROGER CO., et al.** | : | |
| | : | |
| Defendants. | : | |

Currently before the Court is the Parties' Joint Motion to Approve a Collective Action Settlement. For the reasons set forth herein, the Joint Motion is hereby GRANTED, and the case is DISMISSED WITH PREJUDICE, with this Court retaining jurisdiction to enforce the settlement agreement's terms.

## I.  FACTUAL BACKGROUND

On February 9, 2016, Representative Plaintiffs Joseph Hardesty, Madeline Hickey, and Derek Chipman, on behalf of themselves and those similarly situated to them (collectively, "Plaintiffs"), filed this lawsuit against Defendants The Kroger Co. and Kroger GO, LLC (collectively, "Defendants"), alleging overtime violations under the FLSA. (Doc. 1). Defendants have consistently denied any liability or wrongdoing, and have raised a number of affirmative defenses to such claims, including that the Plaintiffs are exempt from overtime payments under the FLSA's administrative exemption. (Doc. 7).

Plaintiffs' filed a Motion for Conditional Certification on May 16, 2016 (Doc. 12), which was granted by this Court on July 19, 2016. (Doc. 15). Notice was subsequently issued to the

potential opt-in plaintiffs, and twenty-seven (27) individuals, including the Representative Plaintiffs, joined this case. (Doc. 1-1, 19, 20, 21, 22, 23, 26)

As indicated by the parties, substantial investigation and discovery of Plaintiff's claims occurred during the six years this matter was litigated. (Doc. 113, pg. 1; *See also* Smith Dec., ¶ 7 and Attachment 1 to same). Throughout that time, Defendants produced more than 35,000 pages of materials related to Plaintiffs' claims, including wage data for the relevant time period and information regarding the number of weeks worked by each Plaintiff. (*Id.*). In the weeks before trial, Plaintiffs' Counsel used that data to construct a damages model, which is attached to the proposed settlement agreement. (*See* Smith Dec. ¶ 18 and Attachment 2). Using that model, the Parties engaged in substantial negotiations and ultimately came to an agreement, which is now pending this Court's review.

## II. ANALYSIS

The court presiding over an FLSA collective action may approve a proposed settlement of the action under §216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents.¸ Inc.,* 2008 WL 25468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the Court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)). "The need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Key. Oct. 23, 2008).

The Sixth Circuit uses seven factors to evaluate class action settlements, which are also applied in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir.1983)), *Crawford*, 2008 WL 4724499 at *3.

As indicated below, these factors all support approval of the settlement.

### A. The Seven-Factor Standard is Satisfied

First, there is no indication of fraud or collusion in the settlement. The parties' respective counsel all have extensive experience litigating FLSA claims, and the agreement was only achieved after an arms-length and good faith negotiation immediately prior to trial. (*See* Smith Dec. ¶ 7, 13)

Second, the claims in this case raise complex issues under the FLSA and related Ohio law, including disputes over the proper classification of the Plaintiffs (exempt or non-exempt), proving such claims on a collective basis, and providing representative evidence of liability and damages on behalf of 27 employees. Continued litigation is likely to result in substantial additional costs to both parties over these issues, which are avoided through the finality of an arm's length settlement agreement.

Third, as indicated above the parties have engaged in extensive discovery over the six years this case has been before the Court, including exchanging and reviewing thousands of documents and taking multiple depositions, and preparing for a 2-week trial. Such discovery has also allowed Plaintiff to construct a damages model, which fairly and adequately compensates the Plaintiffs while also considering the risks of ongoing litigation.

Fourth, counsel agree that there are significant risks associated with continuing to litigate such claims, and that the likelihood of success is uncertain for all parties. (*See* Smith Dec. ¶ 15-16). By way of example, the parties significantly disagree as to the amount of hours Plaintiffs worked, whether a half-time or time-and-one-half calculation should be used for potential damages, and whether certain non-work hours (i.e., vacations and holidays) should be used in the damages calculation. (*See* ECF No. 97, 99-1)(proposed jury instructions and objections to jury instructions).

Fifth, the opinions of class counsel and representatives favor approval, given both Plaintiff and Defense counsel support the Settlement as fair and reasonable. (Doc. 113, pg. 7; Smith Dec. ¶ 15). The parties counsel are experienced in wage and hour collective actions, have acted in good faith, and have represented their clients' best interests in reaching the settlement. (*Id.*).

Sixth, to date there have been no negative reactions received from absent class members. Plaintiff's counsel also represents that they have received no negative feedback from the Plaintiffs regarding the settlement amounts or its terms, and are anxious to have the settlement approved. (*Id.* at ¶ 15*)*.

Finally, the public interest also supports approval of the settlement. Indeed, the "touchstone for final approval is the effect on the class *as a whole* in light of the particular circumstances, which include the public policy encouraging comprehensive settlement of class actions and multi-party litigation." *In re Rio Hair Naturalizer Prods. Liab. Litig.*, NO. MDL 1055, 1996 U.S. Dist. LEXIS 20440, at *35 (E.D. Mich Dec. 20, 1996)(alteration in original)(further citation omitted). Accordingly, resolving the present matter through settlement serves the public interest by providing fair and efficient payments to the settlement class member, avoiding the continued

expenditure of judicial resources on protracted complex litigation, and eliminating the risks that both parties face through the litigation process.

### B. The Settlement Proceeds Are Fair, Reasonable, and Adequate

The Court has also confirmed that the settlement distribution amounts are fair, reasonable, and adequate. *See Crawford,* 2008 WL 4724499, at *31 (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999) ("[A] court must ensure that the distribution of the settlement proceeds is equitable.")).

First, the individual payments to each class member set forth in counsel's damages model appear to provide fair compensation to each individual based on the facts and circumstances of this case. (Smith Dec., Attachment 2). These amounts have been calculated proportionally based on the number of workweeks each Plaintiff worked during the time period applicable to this case. (Smith Dec. ¶ 17-20).

Second, the service awards to the class representative (Hardesty, Hickey, and Chipman) are also reasonable given the representatives' significant time and effort spent assisting in the case. By way of example, the representatives spent significant time providing information to file the complaint, engaging in and attending hearings and depositions, and participating in the discovery process. (Smith Dec. ¶ 23-24). Such payments are also in line with other representative awards approved by this Court. *See Al-Sabur v. ADS Alliance Data Sys., Inc.*, No. 2:18-cv-957, Doc. 23 (S.D. Ohio Aug. 6, 2019); *Macaluso v. Zirtual Startups*, LLC, 2021 U.S. Dist. LEXIS 154243 at *19-21 (S.D. Ohio Aug. 17, 2021); *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-CV-426, 2019 U.S. Dist. LEXIS 11019, at **16-17 (S.D. Ohio Jan. 18, 2019).

Last, the attorneys' fees and expenses submitted by Plaintiff's counsel are also proper and reasonable. In particular, Plaintiff's counsel has submitted detailed and comprehensive time sheets showing the significant hours expended on this case, at the standard hourly rates of their attorneys

5

and staff over the last six years. The fees sought by Plaintiff's Counsel are also significantly less than their actual rates, and well below the lodestar amount. (*See* ECF No. 113 (Subpart A ¶ 21*).* Further, it is not uncommon in FLSA litigation for these fees to exceed the amount recovered by the plaintiffs' alleged losses. *See, e.g., Holland v. New Method Packaging, LLC, et al*, No. 3:16-cv-00309-TMR-MJN, Doc. #23 (S.D. Ohio 2017) (Rose, J.); *Pellegrini v. Tower 10, LLC, et al*, No. 2:16-cv-00293-JLG-TPK, Doc. #31 and 32 (S.D. Ohio 2017); *Jasper, et al v. Home Health Connection, Inc.*, No. 2:16-cv-00125-EAS-EPD (S.D. Ohio 2016).

### III. CONCLUSION

Accordingly, IT IS ORDERED that the parties' motion for approval of FLSA collective action settlement is GRANTED in full, and that the case shall be dismissed WITH PREJUDICE, with this Court retaining exclusive jurisdiction to enforce the terms of the Settlement Agreement.

_____  _____
Date                                            Honorable Judge Matthew W. McFarland